# IN THE COURT OF APPEALS OF IOWA

No. 21-1311
Filed November 17, 2022

**DONSHEY PURNELL REED,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County,
Bradley J. Harris, Judge.

Donshey Reed appeals the dismissal of his application for postconviction
relief. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant
Attorney General, for appellee State.

Considered by Bower, C.J., Ahlers, JJ., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**AHLERS, Judge.**

In 2014, Donshey Reed pleaded guilty to six crimes. The district court sentenced Reed to concurrent terms of incarceration not to exceed fifteen years. Reed appealed, but his appeal was dismissed as untimely. Procedendo issued on his direct appeal on March 5, 2015.

On May 19, 2017, Reed filed an application for postconviction relief (PCR), claiming ineffective assistance of counsel. The district court denied his claims. On appeal, we affirmed the district court. *Reed v. State*, No. 18-0502, 2019 WL 2372897, at *1–2 (Iowa Ct. App. June 5, 2019). In doing so, we preserved some of his ineffective-assistance claims for a subsequent PCR proceeding, stating:

> We preserve the claim[s] for another possible postconviction-relief application. *See Allison v. State*, 914 N.W.2d 866, 819 (Iowa 2018) ("In order to avoid the difficult constitutional position that would result in denying a remedy where defense counsel allegedly provided ineffective assistance at trial and postconviction counsel is ineffective in raising that claim, we think the best approach is to hold that where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action."); *see also Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018) ("Based on *Allison*, the statutory-limitation period is not an impediment to pursuing a second PCR application relating to the claim in this case if promptly filed following the appeal.").

*Id.* at *2. We also found Reed's sentences included illegally imposed surcharges. *Id.* at *1–2. Therefore, we vacated the part of Reed's sentences that imposed the improper surcharges and remanded for resentencing. *Id.* at *2. On July 5, 2019, procedendo issued on Reed's PCR appeal. Exactly two years later, on July 5,

2021, the district court complied with our court's remand order by entering an order removing the improper surcharges.

On June 1, 2021, Reed filed a subsequent PCR application—the action at issue here. On the State's motion, the district court dismissed this PCR application as untimely. Reed appeals.

"We ordinarily review PCR rulings for correction of errors at law." *Brooks v. State*, 975 N.W.2d 444, 445 (Iowa Ct. App. 2022). We review constitutional issues de novo. *Id.* With exceptions not applicable here, a PCR application "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2021).

Reed argues this PCR application is timely under section 822.3 because he filed it within three years of his resentencing order. Our supreme court already rejected a similar argument, finding the date a conviction becomes final under section 822.3 relates to the original proceeding and not to the date of a resentencing order. *See Sahinovic v. State*, 940 N.W.2d 357, 361 (Iowa 2020). Thus, Reed's conviction became final on March 5, 2015, when procedendo issued on his direct appeal, and this PCR application filed in 2021 is untimely. *See id.*

Reed maintains this PCR application should relate back to his prior application under *Allison v. State*, 914 N.W.2d 866, 819 (Iowa 2018). Reed notes this court previously raised the possibility Reed could file a new PCR application that would relate back to his prior PCR application. *See Reed*, 2019 WL 2372897, at *2. However, effective July 1, 2019, and prior to Reed filing this PCR application, Iowa enacted legislation that supersedes the relation-back doctrine in *Allison*. *See*

*Sandoval v. State*, 975 N.W.2d 434, 436 (Iowa 2022); *see also* Iowa Code § 822.3 ("An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods.").

We need not decide whether our court's preservation of Reed's ineffective-assistance-of-counsel claims under *Allison* in his first PCR action allows those claims to survive the amendment to section 822.3 that abrogates *Allison*. Even assuming the relation-back doctrine of *Allison* applies to this PCR application, the successive PCR application must be "filed promptly after the conclusion of the first PCR action." 914 N.W.2d at 891. Almost twenty-three months passed between the issuance of procedendo on the first PCR action and the filing of the current PCR application. Twenty-three months is not prompt. *See Kehoe v. State*, No. 20-1179, 2022 WL 951139, at *2 (Iowa Ct. App. Mar. 30, 2022) (finding a 108-day gap between PCR actions is not prompt); *see also Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *2 (Iowa Ct. App. Sept. 2, 2020) (collecting cases to reach the conclusion that a 121-day gap is not prompt).

Reed also argues his PCR application should be allowed under equitable tolling and his constitutional rights to due process and effective assistance of counsel. These arguments were not considered or decided by the district court, so they are not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 536 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

**AFFIRMED.**